## In re GEORGE LAMPROS, Inc.

District Court, D. of Massachusetts. April 8, 1927.

No. 37002.

1. **Bankruptcy ☞57—Act of bankruptcy by concealing, removing, or transferring property may be established by showing actual intent to hinder or delay creditors (Bankruptcy Act, § 3a [1], being Comp. St. § 9587).**

Act of bankruptcy by concealing, removing, or transferring property to 'hinder, delay, or defraud creditors, within Bankruptcy Act, § 3a (1), being Comp. St. § 9587, may be established 'without showing any actual intent to cheat or defraud; but it is sufficient that transfer is made with actual intent to hinder or delay creditors.

2. **Bankruptcy ☞91 (2)—Actual intent to hinder or delay creditors may be established by direct evidence or presumption, if committed with full knowledge that acts will hinder and delay creditors (Bankruptcy Act, § 3a [1], being Comp. St. § 9587).**

Actual intent to hinder or delay creditors, constituting act of bankruptcy, within Bankruptcy Act, § 3a (1), being Comp. St. § 9587, may be established by direct evidence, or by presumption, if the acts are committed with full knowledge that they will operate to hinder and delay creditors in the enforcement of their rights; but fact that such result is produced is not alone sufficient to show actual intent.

3. **Bankruptcy ☞91(1)—Burden of proving that alleged bankrupt transferred property to hinder or delay creditors held on petitioner in involuntary proceedings (Bankruptcy Act, § 3a [1], being Comp. St. § 9587).**

In involuntary bankruptcy proceedings, burden of proving that alleged bankrupt transferred its property with intent to hinder or delay creditors, within Bankruptcy Act, § 3a (1), being Comp. St. § 9587, held on petitioner.

4. **Bankruptcy ☞57—Insolvent's transfer of funds to attorney to secure equitable distribution among creditors held not act of bankruptcy (Bankruptcy Act, § 3a [1], being Comp. St. § 9587).**

Insolvent corporation's transfer of substantially all its bank balance to its attorney for deposit in a savings bank in attorney's name, in trust for controlling officer of corporation individually, for purpose of making equitable distribution of its assets among creditors, when no particular creditor was threatening suit or unduly pressing for payment, held not a transfer, concealment, or removal of property with intent to hinder or delay cred-

itors, constituting act of bankruptcy, within Bankruptcy Act, § 3a (1), being Comp. St. § 9587.

In Bankruptcy. In the matter of George Lampros, Inc., alleged bankrupt. Master's report confirmed, and involuntary petition dismissed.

Isidore H. Fox, of Boston, Mass., for petitioners.

James J. Sullivan, of Lawrence, Mass., for bankrupt.

BREWSTER, District Judge. The above-entitled matter is an involuntary petition in bankruptcy, in which the acts of bankruptcy alleged are (1) that the bankrupt conveyed, transferred, concealed, or removed, or permitted to be concealed or removed, a part of its property with intent to hinder, delay, or defraud its creditors; and (2) that it transferred, while insolvent, a portion of its property to certain creditors, with intent to prefer such creditors over its other creditors. Adjudication is resisted by the bankrupt. The matter was referred to Referee Lincoln, as special master, to hear the parties and to report upon the question of adjudication.

The master finds that the alleged bankrupt made no transfers to creditors with intent to prefer such creditors over other creditors. He also finds as a fact that the alleged bankrupt did not conceal, remove, or transfer any of its property with actual intent to defraud its creditors. The only question for consideration is whether the facts, presently to be stated, compel the conclusion that the alleged bankrupt has committed an act of bankruptcy within the meaning of section 3 (1), Bankruptcy Act (Comp. St. § 9587).

Briefly stated, the facts are these:

The corporation was engaged in the wholesale fruit business in Lawrence. According to the custom prevailing in that trade, the corporation paid weekly for its current purchases. Early in June, 1926, there was not sufficient cash available to enable the corporation to pay these current obligations, and the treasurer of the corporation, who was also principal owner and manager, consulted his attorney, and, in consequence, a check was drawn to the order of one M. R. Donahue, for $918.36, which represented substantially the balance standing to the credit of the corporation in its bank. This check was deposited in a savings bank in the name of the attorney as "trustee for George Lampros" individually. Four days later the attorney sent to all of the creditors of the corporation a letter, in which he stated that the amount of the liabil-

ities was about $20,000, and that it had on hand stock in trade worth less than $500, and other personal property which would probably sell for a small amount. The attorney represented "that the assets of the corporation, in his opinion, would not warrant an offer of more than 20 cents on the dollar." The creditors were requested to send in the amounts of their claims and to advise whether it would be well to try to put through a settlement on that basis. No mention was made of the cash or accounts receivable in the letter, but, as the settlement would call for the payment of $4,000, it must have been apparent to any creditor that the corporation had available resources in addition to the stock in trade and other tangible assets.

[1] Furthermore, the master finds that, shortly afterward, there were meetings of creditors, when the exact situation was disclosed, and that at no time was there any actual intent on the part of the alleged bankrupt, or the attorney, to conceal any material facts from the creditors, nor is there any suggestion that either the bankrupt or the attorney had any dishonorable motive, or intention, in transferring the $918.36. The corporation was then insolvent, was unable to meet its current obligations, and it desired to make an equitable distribution of its assets among the creditors without the intervention of proceedings in court. There is no suggestion that any particular creditor was threatening suit, or was unduly pressing for payment. Do these facts, in the absence of an actual fraudulent intent, constitute an act of bankruptcy? Or, in other words, on these facts can it be ruled, as a matter of law, or found, as a necessary inference of fact, that the alleged bankrupt transferred these funds with the intent to hinder, delay, or defraud its creditors? This act of bankruptcy may be established without showing any actual intention to cheat or defraud. It is sufficient if the transfer is made with an intent to hinder or delay creditors. In re Hughes (D. C.) 183 F. 872; In re Elletson Co. (D. C.) 174 F. 859; In re Martin J. Condon (D. C.) 29 Am. Bankr. Rep. 907, 198 F. 947. But this intent must be an actual intent. In re McLoon (D. C.) 162 F. 575; Lansing Boiler & E. Works v. Jos. T. Ryerson & Son (C. C. A.) 128 F. 701.

[2] This actual intent may be established by direct evidence or by presumption if the acts are committed with full knowledge that they will operate to hinder and delay creditors in the enforcement of their rights. In re Wilmington Hosiery Co. (D. C.) 9 Am. Bankr. Rep. 581, 120 F. 180. But the fact that such a result is produced, standing alone, is not

sufficient to show an actual intent. Collier on Bankruptcy (13th Ed.) p. 131.

[3] When we apply these rules to the facts disclosed in the master's report, it becomes apparent that we are dealing with a case which lies near the border line, with the burden of proof on the petitioner. Marine National Bank v. Swigart (C. C. A.) 262 F. 854.

[4] It is probably true that the treasurer of the corporation would disclaim any positive intention to hinder his creditors by turning over $918.36 to his attorney. On the contrary, he would undoubtedly say that his only purpose was to facilitate an equitable distribution among all of the creditors. This may reasonably be inferred from the master's report. The real question, therefore, is whether, as a matter of law, or as a necessary inference of fact, the bankrupt must be charged with an actual intent to hinder and delay creditors in checking out substantially all of its balance in its bank and handing it over to its attorney for deposit in the savings bank. An examination of the facts in some of the cases above cited, which facts have not been found sufficient to establish actual intent, has led me to the conclusion that the actual intent required by the statute is not present in the case at bar.

A mortgage of substantially all of debtor's property to her son, to secure him for money advanced to pay her creditors, was alleged to be an act of bankruptcy under section 3 (1). Judge Hale refused adjudication. In re McLoon, supra (Dist. Ct. Maine).

A transfer of all of debtor's property was made to a corporation for a cash consideration, sufficient to pay ratably to creditors a percentage of their claims. The money was paid to the creditors' attorney, to be held by him and distributed among creditors who accepted the proposition of settlement. This was held not to constitute an act of bankruptcy. Matter of Julius Bros. (C. C. A.) 32 Am. Bankr. Rep. 699, 217 F. 3, L. R. A. 1915C, 89.

Acts which deprive a creditor of the benefits of the Bankruptcy Act have been held not to show an intent to hinder and delay him within the meaning of the statute. In re Wilmington Hosiery Co., supra.

In the Supreme Court an assignment of all of debtor's property for the benefit of creditors was not deemed to be a transfer intended to hinder, delay, or defraud creditors. Mayer v. Hellman, 91 U. S. 496, 23 L. Ed. 377.

In that case the court, speaking through Mr. Justice Field, after stating that the court looked with favor on equal distribution of assets among creditors voluntarily made, said:

"The hindrance and the delay to particular creditors, in their efforts to reach before others the property of the debtor, that may follow such a conveyance, are regarded as unavoidable incidents to a just and lawful act, which in no respect impair the validity of the transaction."

The most that can be said in the case at bar is that the treasurer and his counsel may have contemplated the possibility that some recalcitrant creditor might effectually block plans for a fair and equal distribution among creditors by attaching the corporation's funds in its bank. It has already been noted that neither the alleged bankrupt nor the attorney had any grounds for apprehension, resulting from the conduct or attitude of any particular creditor. The change from a noninterest to an interest-bearing account hardly affords sufficient reason for the transfer, under the circumstances of the case, but it may have been a factor to a slight degree.

I rule, therefore, that as a matter of law, under section 3 (1) of the Bankruptcy Act, the facts reported by the master do not establish a transfer, concealment, or removal of property, made with the intent to hinder or delay creditors. Master's report confirmed.

The petition should be dismissed.